HARPES *et al. vs.* HARPES.

One from whose hands property of an estate has been wrongfully taken, may bring trover for its recovery against the tortious holder, although there has been no administration.

Trover. Actions. Before Judge GIBSON. Dawson Superior Court. September Term, 1878.

Reported in the decision.

WIER BOYD, for plaintiff in error, cited 21 *Ga.,* 433 ; 57 *Ib.,* 218 ; Code, §§1774, 3027, 2246, 2486 ; 2 Bouv. L. Dic., 590, §18.

M. G. BOYD ; BISHOP & JOHNSON, for defendant.

WARNER, Chief Justice.

This was an action of trover brought by the plaintiff as the widow of Charles Harpes, deceased, against the defendant, to recover the possession of a certain described horse,

which the plaintiff alleged the defendant unlawfully and violently took from her possession and detained. It was admitted that no administration had been granted upon the estate of plaintiff's deceased husband. On motion of defendant, the court dismissed the plaintiff's action on the ground, as stated in the bill of exceptions, that the plaintiff could not sue for and recover the property without the same had been set apart for her twelve months' support, or administration had been granted on her deceased husband's estate. Whereupon the plaintiff excepted.

The mere possession of a chattel, if without title, or wrongfully, will give a right of action for any interference therewith, except as against the true owner, or the person wrongfully deprived of possession : Code, §3027. If the plaintiff had sued for the horse as a part of the estate of her deceased husband, then a grant of administration on his estate to her would have been necessary to have entitled her to recover, but she declared against the defendant as a wrong-doer, upon her own possession of the property sued for. The dismissal of the plaintiff's action was error.

Let the judgment of the court below be reversed.